IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| LORI A. CASSEL, et al., | : | |
| Defendants | : | No. 12-784 |

## MEMORANDUM OPINION

**Pratter, J.**                                                                                             **June 10, 2013**

### I.   INTRODUCTION

Presently pending before the Court in this mortgage foreclosure action is the motion of Plaintiff, the United States, for alternative service of process on Defendant, Lori A. Cassel, pursuant to Federal Rule of Civil Procedure 4(e)(1).  The United States claims that it has been unable to personally serve Ms. Cassel with Notice of the U.S. Marshal Sale of the foreclosed property, and has attached an affidavit describing its extensive, but unsuccessful efforts to locate and serve Ms. Cassel.  Accordingly, Plaintiff seeks to serve the Notice of U.S. Marshal Sale by (1) regular and certified mail to Ms. Cassel's last known address, 1210 Iron Bridge Road, Columbia, PA 17512; and (2) posting on Ms. Cassel's mortgaged property and her last known address, 1210 Iron Bridge Road, Columbia, PA 17512.  For the reasons that follow, the motion will be granted.

### II.   BACKGROUND

Plaintiff, the United States, filed a complaint against Defendants Lori A. Cassel and Donald L. Cassel to foreclose on a real estate mortgage given to Plaintiff and executed by Defendants (Doc. No. 1).  This Court entered judgment in favor of Plaintiff and against the

Defendants (Doc. No. 16).  The Court ordered this property to be sold by the U.S. Marshal for this District for cash to the highest bidder at a public, judicial sale pursuant to 28 U.S.C. § 2001.

Rule 4(e)(1) allows a party to serve an individual defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).

The United States brings its motion for alternative service under Pennsylvania Rules of Civil Procedure 430(a) and 410(c)(2).  Pennsylvania Rule of Civil Procedure 430(a) provides as follows:

> If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service.  The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.

Pa. R. Civ. P. 430(a).  Where a court orders service pursuant to Pennsylvania Rule 430(a), Pennsylvania Rule of Civil Procedure 410(c)(2) provides for service by "posting a copy of the original process on the most public part of the property."  Pa. R. Civ. P. 410(c)(2).

Under Pennsylvania law, plaintiffs must meet three conditions for alternative service. First, the plaintiff must show a good faith effort to locate the defendant on which service is to be made.  Second, the plaintiff must undertake practical efforts to serve the defendant under the circumstances.  If the plaintiff has satisfied these first two steps, the plaintiff must then show that the proposed alternate method of service is reasonably calculated to provide the defendant with notice of the proceedings against him or her.  *See Olympic Steel, Inc. v. Pan Metal & Processing, LLC*, No. 11-cv-6938, 2012 U.S. Dist. LEXIS 27654, at *4-5 (E.D. Pa. Mar. 2, 2012) (citing *Calabro v. Leiner*, 464 F. Supp. 2d 470, 470-71 (E.D. Pa. 2006)).  In order to meet the "good faith effort" requirement, the note to Rule 430 provides an illustrative list of efforts to be made,

including, (1) inquiries of postal authorities, including inquiries pursuant to the Freedom of Information Act, 29 C.F.R. Part 265, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, and (3) examinations of local telephone directories, voter registration records, local tax records, and motor vehicle records.  Pa. R. Civ. P. 430(a), note.

      The United States argues that it has made good faith efforts to locate Ms. Cassel, including by making inquiries of postal authorities, possible relatives and neighbors of Ms. Cassel, and voter registration.  Doc. No. 18, at 2.  Additionally, the United States contends that it attempted to locate Ms. Cassel by conducting searches of local telephone directories, Pennsylvania Department of Motor Vehicle records, Social Security Administration death records, drivers' license records, business records, and professional licenses records.  Doc. No. 18 & Ex. B.

      Moreover, the United States asserts that it has undertaken numerous practical efforts to serve Ms. Cassel.  The United States first hired a private process server to attempt personal service upon Ms. Cassel at the mortgaged property, 1210 Iron Bridge Road, Columbia, PA 17512.  The process server reported that Defendant Donald L. Cassel answered the door and informed the process server that Ms. Cassel does not reside at the address, and that he and Ms. Cassel had divorced.  Doc. No. 18, Ex. A.  Through its investigation to locate Ms. Cassel, the United States learned of a potential alternate address of Ms. Cassel, at 128 ½ High Street, Manheim, PA 17545, and proceeded to hire the same private process server to attempt personal service at that address.  The process server attempted service at the 128 ½ High Street address on three separate occasions over a two-day period.  Doc. No. 18, Ex. A.  The process server reported that a possible neighbor, who resides at 129 West High Street, stated that the property is

occupied and that the neighbor believes that the resident's name is "Lori." Doc. No. 18, Ex. A. However, no one answered at the property on each service attempt made by the process server. Doc. No. 18, Ex. A. Additionally, on the first service attempt, the process server left a card to arrange for service, but never received a response to the card. Doc. No. 18, Ex. A. The United States avers that there are no alternate addresses for Ms. Cassel, and that Ms. Cassel's whereabouts are unknown.

The Court finds that the United States has made sufficient efforts to locate and personally serve Ms. Cassel. Considering these efforts by the United States, the Court further finds that the proposed method of alternate service, by (1) regular and certified mail; and (2) by posting on the mortgaged property and Ms. Cassel's last known address, is reasonably calculated to provide Ms. Cassel with notice of the U.S. Marshal Sale of the mortgaged property.

### III.  CONCLUSION

For the reasons set forth above, the Plaintiff's Motion for Alternative Service is granted. An appropriate Order consistent with this Memorandum follows.